## WALCH *vs.* COOK and others.

The plaintiff loaned to the defendant C. $1,350, and took as security a mortgage for the amount. As a part of the transaction, he at the same time advanced $550 to purchase a prior mortgage upon the same premises, for $650, held by L. He insisted, as a condition of the loan, that he should have an assignment of this prior mortgage, for which he would pay only $550. L. thereupon assigned the prior mortgage, to the plaintiff, for the amount due upon its face; of which amount the plaintiff was to pay $550, and the defendant the balance, ($100,) and did so. *Held* a very transparent case of a loan of money upon an usurious consideration.

*Held, also,* that the borrower was at full liberty, at all times, to set up the defence of usury to the second mortgage; it appearing that although he had, subsequent to the execution of such mortgage, conveyed the premises, to a third person, with warranty, the deed was really by way of mortgage, merely, and the premises had been re-conveyed to him.

APPEAL, by the defendant, Newton G. Cook, from a judgment entered upon a trial at the circuit before the court without a jury.

The action was brought to foreclose a mortgage executed by said Newton G. Cook and wife to the plaintiff, to secure the payment of $1,350 and interest. Cook defended, on the ground of usury.

The justice before whom the action was tried, found, as matter of fact, that the defence of usury was not proved, and ordered the usual judgment of foreclosure and sale.

*J. C. Hunt,* for the appellant.

*Smith, Markham & Smith,* for the respondent:

*By the Court,* E. DARWIN SMITH, J. It seems to me that this is a clear case of usury, upon the undisputed facts of the case. The plaintiff loaned to the defendant Cook $1,350, and took, as security therefor, the mortgage in suit. As part of the transaction, he advanced, at the same time, $550 to purchase a prior mortgage of

Walch *v.* Cook.

$650 on the same premises, held by one Lathrop. He insisted, as a condition of the loan, that he must have an assignment of this prior mortgage for which he would only pay $550. Lathrop did not wish his money, and had no desire to sell the mortgage, and refused to sell it at a discount. His mortgage was not due, and was a good security ; but he finally consented to assign said bond and mortgage to the plaintiff, for the amount due upon its face ; of which amount the plaintiff was to pay $550 and Cook the balance, and did so.

The case further shows, that on the 15th day of November, 1871, Cook and wife conveyed the mortgaged premises by warranty deed to the defendant Kuhn, for the consideration expressed of $3,500, subject to the mortgage in question and two others, and gave back to Cook's wife, as a consideration for her signing the deed, a defeasance.

After the commencement of this suit Cook took from Kuhn a re-conveyance of the mortgaged premises.

The transaction presents a very transparent case of a loan of money upon an usurious consideration. The plaintiff told Lathrop, as he testifies, that he could do better with his money than lend it at seven per cent ; and also that he should only pay $550 for the mortgage, because he had got to buy it for less than the face of it in order to get his per centage. This is the key to the arrangement. This $100 exacted as a condition of the loan, and paid to Lathrop by Cook, the borrower, was a clear premium on the loan of the $1,350, for which this mortgage was given. It seems to me, upon the face of the transaction, this is the unavoidable result of the evidence. It is a bald case of usury. This $100 was paid by Cook to Lathrop as part of the consideration for the transfer of his bond and mortgage to the plaintiff, which was a valid security for $650. The plaintiff in fact advanced $1,900, and took from Cook this mortgage for $1,350, and the Lathrop bond and mortgage for $650,

making $2,000, and securing to himself by this contrivance a premium of $100.

This defence of usury is set up by Cook, and I see no reason, in the facts, why he is not entitled to set it up and insist upon it. The conveyance to Kuhn of the premises, after the giving of this mortgage, was really by way of mortgage, and the premises, before this defence was put in, were re-conveyed to Cook. The deed to Kuhn did not bind him, as part of the consideration for the sale to pay this $1,350 mortgage, as was the case with the deed in *Hartley* v. *Harrison*, (24 *N. Y.* 170.) Kuhn took the premises to sell and pay off the mortgages and Cook's own debt to him, and to pay the surplus to Cook's wife.

Cook clearly was at full liberty, at all times, to set up the defence of usury to this mortgage.

This judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]